[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13837
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-01471-IPJ

CORETHA PHILLIPS,

Plaintiff -Appellant,

versus

JOHN McHUGH, Secretary of the Army,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 23, 2013)

Before MARCUS, KRAVITCH and COX, Circuit Judges.

PER CURIAM:

Coretha Phillips appeals the district court's grant of summary judgment in

favor of John McHugh, the Secretary of the United States Department of the Army

(the Secretary), on her (1) disparate treatment and (2) retaliation claims brought

under Title VII, 42 U.S.C. §§ 2000e–2000e–17.  Phillips argues that the district court erred in finding that no material facts were in dispute.

The parties agree that we review de novo the district court's grant of summary judgment and view the evidence in the light most favorable to Phillips.

## I. Disparate Treatment

Phillips alleges that she suffered disparate treatment based on her race in violation of Title VII, 42 U.S.C. § 2000e-2(a).  A plaintiff can establish a claim for disparate treatment through direct or circumstantial evidence.  *Crawford v. Carroll*, 529 F.3d 961, 975–76 (11th Cir. 2008).  Phillips does not argue that she produced direct evidence of disparate treatment.  And she agrees that we evaluate her claim under the *McDonnell Douglas*[1] burden-shifting framework.  Under the *McDonnell Douglas* framework, a plaintiff first must establish a prima facie case of discrimination.  411 U.S. at 802, 93 S. Ct. at 1824.  To establish a prima facie case, a plaintiff must establish that (1) she is a member of a protected class, (2) she was subjected to an adverse employment action, (3) the employer treated similarly situated employees outside the class more favorably, and (4) she was qualified to do her job.  *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999).

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973).

2

The district court concluded that Phillips had not made out a prima facie case because she failed to point to a valid comparator—a similarly situated employee outside her class that had been treated more favorably.  (Dkt. 30 at 23–24.)  On appeal, Phillips admits that the employment record of her proffered comparator, Eliza Milton, is not "exactly the same as her own."  She argues that the Secretary punished her as retaliation for filing complaints, and therefore that it is "highly inequitable" to look at Phillips's disciplinary record and compare it to Milton's record.

In deciding whether employees are similarly situated, we must consider whether the employees are "involved in or accused of the same or similar conduct and are disciplined in different ways."  *Maniccia*, 171 F.3d at 1368 (quoting *Jones v. Bessemer Carraway Med. Ctr.*, 137 F.3d 1306, 1311 (11th Cir.), *modified by* 151 F.3d 1321 (1998)).  "We require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions. . . ."  *Maniccia*, 171 F.3d at 1368.

Here, Phillips fails to point us to any evidence that Milton has ever been accused of conduct similar to Phillips's conduct.  As the district court's well-reasoned order says, "there is no suggestion that Milton repeatedly ignored the chain of command, was late for meetings with superiors, or challenged the

3

janitorial staff when they complained to her superior about her." (Dkt. 30 at 24.) Because Phillips has not pointed us to a valid comparator, she has failed to establish a prima facie case. Thus, the district court properly granted summary judgment in favor of the Secretary on this claim.

## II. Retaliation

Phillips alleges that the Secretary retaliated against her after she complained that she had been a victim of discrimination. Phillips agrees that we apply the *McDonnell Douglas* framework to this issue as well. Under the *McDonnell Douglas* framework, after a plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the alleged discriminatory employment action. *Tex. Dep't of Cmty Affairs v. Burdine*, 450 U.S. 248, 255, 101 S. Ct. 1089, 1094–95 (1981). After the defendant presents such a reason, the plaintiff must set forth evidence that the reason is mere pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 804, 93 S. Ct. at 1825.

Even assuming for the sake of argument that Phillips has made out a prima facie case of retaliation, she has not shown that the Secretary's proffered nondiscriminatory reasons are pretextual. We agree with the district court's reasoning on this issue. (Dkt. 30 at 26–28.)

4

III.

Accordingly, we affirm the grant of summary judgment in favor of the Secretary.

AFFIRMED.